STATE OF MINNESOTA
IN SUPREME COURT



FILED

September 30, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Kristian Lee Oyen, a Minnesota Attorney,
Registration No. 386383.

## O R D E R

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Kristian Lee Oyen committed professional misconduct warranting public discipline, namely, while on disciplinary probation, engaging in a pattern of failing to appear for hearings, neglect, and incompetence, in violation of Minn. R. Prof. Conduct 1.1, 1.3, 3.2, 3.4(c), and 8.4(d). Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a 90-day suspension, followed by 2 years of supervised probation.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings therein,

IT IS HEREBY ORDERED THAT:

1.     Respondent Kristian Lee Oyen is suspended from the practice of law for a minimum of 90 days, effective 14 days from the date of the filing of this order.

1

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), and shall pay $900 in costs pursuant to Rule 24, RLPR.

3. Respondent may be reinstated to the practice of law upon the expiration of the suspension period pursuant to Rule 18(f), RLPR, provided that, no less than 15 days before the expiration of the suspension period, he files with the Clerk of Appellate Courts and serves upon the Director an affidavit attesting that he has complied with Rules 24 and 26, RLPR; is current in continuing legal education requirements; since the date of this order has completed 15 eligible credit hours of continuing legal education courses focused in the areas of trial advocacy and law office management; and has complied with all other conditions for reinstatement imposed by this order.

4. Upon reinstatement to the practice of law, respondent shall be subject to supervised probation for a period of 2 years, with the following terms and conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor within 2 weeks from the date of the filing of the court's order. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor

2

has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of active client files, as described in paragraph c below. Respondent shall make active client files available to the Director upon request.

c.     Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, respondent shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

d.     Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons with an interest in matters that respondent is handling, and that ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e.     Within 30 days from the date of the filing of the court's order, respondent shall provide the Director and his probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f.     Respondent shall abide by the Minnesota Rules of Professional Conduct.

5.     Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof that respondent has successfully completed the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

3

Dated: September 30, 2015

BY THE COURT:

David R. Stras
Associate Justice

4